IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI
STATE OF MISSOURI

| | |
|---|---|
| DOMINIQUE DAVIS, individually and on behalf of all others similarly situated in Missouri, | ) ) ) ) |
| Plaintiff, | ) No. _____ ) |
| v. | ) ) |
| C.F. BURGER CREAMERY CO., | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) ) |
| Serve by Mail: | ) ) |
| C.F. Burger Creamery Co. c/o Larry Angott RAGT 8101 Greenfield Rd. Detroit MI 48228 | ) ) ) ) |

## PETITION

Plaintiff, Dominique Davis, individually and on behalf of all others similarly situated in Missouri, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

### SUMMARY

1. This case arises out of Defendant C.F. Burger Creamery Co.'s ("Defendant") deceptive, unfair, and false merchandising practices regarding its Colonial Style Custard Nog (the "Nog").

2. On the label of the Nog, Defendant represents that the Nog is "Natural." The Nog, however, contains Artificial Flavors, Artificial Colors, Sodium Phosphates, and Sodium Citrate, (the "Synthetic Ingredients"), all of which are artificial, synthetic substances.

1

3. Because the Nog contains the Synthetic Ingredients, the representation that the Nog is "Natural" is false, deceptive, and misleading.

4. The "Natural" label on the Nog also creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Nog is solely comprised of ingredients that are "natural," when in fact the Nog contains the Synthetic Ingredients. Moreover, the overall format and appearance of the label of the Nog has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Nog is only comprised of natural ingredients.

5. Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

## PARTIES

6. Plaintiff, Dominique Davis, is a resident of the City of St. Louis, Missouri. On at least one occasion during the Class Period (as defined below), including in December 2015, Plaintiff purchased the Nog at Schnucks for personal, family, or household purposes. The purchase price of the Nog was $4.99. Plaintiff's claim is typical of all class members in this regard.

7. Defendant C.F. Burger Creamery Co. is a Michigan corporation with its principal place of business at 8101 Greenfield Rd., Detroit, MI 48228.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

7. Plaintiff believes and alleges that the total value of her individual claims is, at most, equal to the refund of the purchase price she paid for the Nog, or $4.99.

8. Because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five million dollar ($5,000,000) minimum threshold to create federal court jurisdiction.

9. There is therefore no diversity or CAFA jurisdiction for this case.

10. Defendant cannot plausibly allege that it had sufficient sales of the Nog in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

11. This Court has personal jurisdiction over Defendant pursuant to Missouri Code § 506.500, as Defendant has had more than minimum contacts with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Missouri that gives rise to civil liability, including distributing the fraudulent Nog for sale throughout the State of Missouri.

12. Venue is proper in this forum pursuant to Missouri Code § 508.010 because plaintiff's injury occurred in the City of St. Louis and because Defendant is not a resident of this State.

13. Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

## ALLEGATIONS OF FACT

14. Defendant manufactures, sells, and distributes dairy products, including the Nog.

15. Knowing that consumers like Plaintiff are increasingly interested in purchasing healthy food products that do not contain potentially harmful artificial, synthetic ingredients, Defendant has sought to take advantage of this growing market by labeling certain products as "Natural." By affixing such a label to the packaging of the Nog, Defendant is able to entice consumers like Plaintiff to pay a premium for the Nog.

16. The label of the Nog is deceptive, false, and misleading in that Defendant represents that the Nog is "Natural":



17. The Nog, however, is not natural because it contains artificial, synthetic ingredients, including the Synthetic Ingredients.

18. Artificial Flavors and Artificial Colors are not natural.

19. Sodium Phosphates are synthetic food additives that are used as emulsifying and texturizing agents. 7 C.F.R. § 205.605(b) identifies Sodium Phosphates as synthetic substances.

20. Sodium Citrate is commercially manufactured by the neutralization of citric acid with sodium hydroxide and is used as an antioxidant in food as well as to improve the effects of other antioxidants. Sodium Citrate can also be used as an acidity regulator and sequestrant. 7 C.F.R. § 205.605(b) identifies Sodium Citrate as a synthetic substance.

21. Neither Plaintiff nor any reasonable consumer would expect to find the Synthetic Ingredients in a product labeled "Natural."

22. Neither Plaintiff nor any reasonable consumer would know nor should know that the Synthetic Ingredients are not natural.

23. As a result of Defendant's deceitful label, Defendant was able to charge and Plaintiff paid a premium for the Nog.

24. The Nog, moreover, was worth less than it was represented to be, and Plaintiff and Class Members paid extra for it due to the "Natural" label.

25. Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo.

## CLASS ALLEGATIONS

26. Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on her own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" of the "Class") consisting of:

>All persons in Missouri who purchased Colonial Style Custard Nog for personal, household, or family purposes in the five years preceding the filing of this Petition (the "Class Period").

27. Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

28. Upon information and belief, the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

29. There are numerous and substantial questions of law or fact common to all of the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

    a. Whether the "Natural" claim on the Nog's label is false, misleading, and deceptive;

    b. Whether Defendant violated the MMPA by selling the Nog with false, misleading, and deceptive representations;

    c. Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

    d. Whether Defendant was unjustly enriched; and

    e. The proper measure of damages sustained by Plaintiff and Class Members.

Electronically Filed - City of St. Louis - January 08, 2016 - 09:36 AM

30. The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

31. Plaintiff will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

32. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

   a. The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

   b. Absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

   c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

  d. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

  e. This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

33. Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

34. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### Count I

**Violation of Missouri's Merchandising Practices Act**

30. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

31. Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise,

misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce § 407.020, RSMo.

32. Defendant's conduct constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce because Defendant misrepresents that the Nog is "Natural" when it in fact contains the Synthetic Ingredients.

33. Moreover, the "Natural" label on the Nog also creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Nog is solely comprised of ingredients that are "natural," when in fact the Nog contains the Synthetic Ingredients. Moreover, the overall format and appearance of the label of the Nog has the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because it creates the false impression that the Nog is only comprised of natural ingredients.

34. The Nog was therefore worth less than the Nog as represented, and Plaintiff and Class Members paid extra or a premium for it.

35. Neither Plaintiff nor any reasonable consumer would except synthetic, artificial ingredients to be in a product labeled as "Natural."

36. Neither Plaintiff nor any reasonable consumer would know nor should know that the Synthetic Ingredients are not natural.

37. Plaintiff and Class Members purchased the Nog for personal, family, or household purposes and thereby suffered an ascertainable loss as a result of Defendant's unlawful conduct

as alleged herein, including the difference between the actual value of the product and the value of the product if it had been as represented.

38.   Defendant's unlawful practices have caused similar injury to Plaintiff and numerous other persons. § 407.025.2.

## Count II

### Unjust Enrichment

39.   Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

40.   By purchasing the Nog, Plaintiff and the class members conferred a benefit on Defendant in the form of the purchase price of the fraudulent Nog.

41.   Defendant appreciated the benefit because, were consumers not to purchase the Nog, Defendant would have no sales and make no money.

42.   Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations about the Nog.

43.   Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a.   Grant certification of this case as a class action;

b. Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c. Award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

d. Award pre- and post-judgment interest;

e. Award reasonable and necessary attorneys' fees and costs; and

g. For all such other and further relief as may be just and proper.

Dated: January 8, 2016    Dominique Davis, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiff

By:   /s/ Matthew H. Armstrong
Matthew H. Armstrong (MoBar 42803)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
COCHRAN LAW PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas, TX 75230
(214) 300-1765
scochran@scochranlaw.com

Attorneys for Plaintiff and the Putative Class

Electronically Filed - City of St. Louis - January 08, 2016 - 09:36 AM